UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

VIRGINIA STAR SEAFOOD
CORPORATION, et al.,

    Plaintiffs,

    v.

ALBERTO R. GONZALES, et al.,

    Defendants.
_____/

No. C 06-4202 PJH

**ORDER DENYING MOTION
FOR PRELIMINARY INJUNCTION**

    Plaintiff's motion for preliminary injunction came on for hearing before this court on August 2, 2006 and August 9, 2006, respectively. Plaintiff, Virginia Star Seafood Corporation ("plaintiff"), appeared through its counsel, Leslie T. Krasny. Defendants, Alberto R. Gonzales, et al. (collectively the "United States of America" or "defendant"), appeared through its counsel, Stephanie Hinds. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, and good cause appearing, the court hereby DENIES plaintiff's motion, for the reasons stated at the hearing, and summarized as follows.

    Plaintiff's underlying complaint for declaratory and injunctive relief, filed as a result of defendant's seizure of plaintiff's property, seeks three forms of relief: (1) a declaration that defendant has violated plaintiff's due process rights by failing to institute civil forfeiture proceedings with respect to the property in question; (2) the issuance of a preliminary injunction in order to enjoin defendant from instituting forfeiture proceedings against plaintiff; and (3) an order directing defendant to return the property at issue to plaintiff. Plaintiff's motion for preliminary injunction seeks the same.

    However, defendant's recent filing of a civil forfeiture action with respect to plaintiff's

property, <u>United States of America v. Approximately Three Hundred & Sixty Thousand Eight Hundred & Four (360,804) Pounds of Fish</u>, C 06-4675 PJH, effectively moots the first two requests for relief.  Accordingly, the only issue before the court is whether a preliminary injunction should issue requiring defendant to return plaintiff's property.

As to this issue, the only basis on which plaintiff might succeed in prevailing is by demonstrating his underlying claim that defendant's delay in instituting the above forfeiture action constitutes a due process violation.  Plaintiff argues that its property is reaching the end of its shelf life, and that without an immediate return of the property, plaintiff will lose the substantial monetary value that the property is worth.  This argument, however, is insufficient to prove that plaintiff's due process rights have been violated, since it is based on the probability of a future violation, rather than an actual one.  Until plaintiff can affirmatively state that it has suffered a real loss to property, by way of defendant's wrongful detention of the property, there can be no basis for its claim that an actual violation has occurred.

For these reasons, until the court has resolved the merits of defendant's recently filed forfeiture action, and affirmatively determined whether defendant's detention of plaintiff's property is justified, the court cannot determine the merits of plaintiff's due process claim, or grant the instant preliminary injunction.  The court accordingly rules as follows:

1. Plaintiff's motion for preliminary injunction is DENIED.
2. All further proceedings in the underlying action are STAYED, pending resolution of the related and above-referenced civil forfeiture action.
3. In the event defendant is not able to succeed on the merits of the civil forfeiture action, plaintiff may choose to proceed against defendant for any property loss that has occurred either pursuant to applicable civil forfeiture statutes, or pursuant to its underlying claim for violation of due process rights. In such case, plaintiff may request leave from the court to amend its

underlying complaint to include additional remedies sought, if any.

4. Finally, the parties are further ORDERED to attend a case management conference in the related civil forfeiture action, case no. C 06-4675 PJH, on August 31, 2006, at 2:30 p.m.  The parties shall submit a joint case management conference statement no later than August 28, 2006.

**IT IS SO ORDERED.**

Dated: August 16, 2006

_____
PHYLLIS J. HAMILTON
United States District Judge